IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANTHONY DAVIS,                      )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )   Case No. CIV-15-623-F
                                    )
TIM WILKINSON; SPART                )
HENREYES; TINA JONES;               )
AMBER HAYES; STEPHEN,               )
Service Mailroom; TIEES             )
PHRICES MILES; JEOANN               )
CROW,[1]                            )
                                    )
        Defendants,                 )

## REPORT AND RECOMMENDATION

Plaintiff initiated a complaint under 42 U.S.C. § 1983, Doc. 1, and United States District Court Judge Stephen P. Friot has referred it to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). On screening, the undersigned recommends that the court dismiss Plaintiff's complaint.

**I.    Plaintiff's complaint.**

Plaintiff's complaint consists of one handwritten paragraph, wherein he describes one defendant's conduct, verbatim (to the extent possible):

> She been science fraud me [illegible] ID card #240190 one million dollars $1,000,000 as briefly suite 94 [illegible] which

---

[1]   Due to legibility issues, the undersigned has some doubt about the correct spelling on several listed parties' names.

> check out my deposits account see how much have balanese saving sir! Benefits for stolen my [illegible] my deposit check amount federal state deposit insurance corporation individual NCIC check background on account deposit balance saving!

Doc. 1, at 1. Thereafter, in Counts I and II, Plaintiff simply lists names, and he seeks no grounds for relief. *Id.* at 2-3.

## II. Vagueness.

"Rule 8 [of the Federal Rules of Civil Procedure] serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Under this rule, Plaintiff must plead "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, Plaintiff must inform Defendants about what they have allegedly done to violate federal law. *See Barfield v. Commerce Bank*, 484 F.3d 1276, 1281 (10th Cir. 2007). That is, from the allegations in the complaint, Defendants must learn "what [they] did to [Plaintiff]; when [they] did it; how [their] action harmed [Plaintiff]; and, what specific legal right [Plaintiff] believes [they] violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The undersigned finds that Plaintiff's complaint is simply too vague and unintelligible to show that he is entitled to relief. Indeed, the complaint

is too vague to even ascertain who Plaintiff is suing. For example, in the complaint's caption, Plaintiff lists only two defendants; however, in Counts I and II, Plaintiff lists five more individuals. And Plaintiff only describes the conduct of one defendant, and that one-paragraph, stream-of-consciousness statement is almost undecipherable.

The court could order Plaintiff to file an amended complaint, but another prominent concern is venue. In relevant part, proper venue exits: (1) in a district where any defendant resides, or (2) where a substantial part of the events had taken place. *See* 28 U.S.C. § 1391(b)(1)-(2). Plaintiff is housed in Holdenville, Oklahoma, and the only address he gives for any defendant is in Holdenville, Oklahoma. Doc. 1, at 1. And, it appears that Plaintiff is complaining about some event occurring in Holdenville, Oklahoma. Holdenville, Oklahoma is in Hughes County, Oklahoma, which is within the Eastern District of Oklahoma's boundary. *See* 28 U.S.C. § 116(b). Accordingly, venue lies only in the United States District Court for the Eastern District of Oklahoma. So, having Plaintiff simply file an amended complaint in this Court would be futile, as the court would likely transfer Plaintiff's action there.

In sum, because the allegations in the complaint are too vague and conclusory, the court should dismiss it without prejudice. *See Galindo v. Lampela*, 513 F. App'x 751, 753 (10th Cir. 2013) (affirming the district court's

dismissal without prejudice of plaintiff's claims which were "too vague and unintelligible to inform the named defendants of the legal claims being asserted" as required under Rule 8).  If Plaintiff wishes to refile his complaint, he should do so in the proper court.

**III.   Recommendation and notice of right to object.**

For the foregoing reasons, the undersigned recommends that the court summarily dismiss Plaintiff's complaint without prejudice.

The undersigned advises Plaintiff of his right to file an objection to the report and recommendation with the Clerk of this Court by August 10, 2015 in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  The undersigned further advises Plaintiff that failure to make timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the court's referral to the undersigned Magistrate Judge.

ENTERED this 21st day of July, 2015.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE